# EXHBIT

# "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 1:20-cv-20016-UU

JANE DOE, an individual,

        Plaintiff,

vs.

TREMAINE NEVERSON,
an individual,

        Defendant.

_____/

## PLAINTIFF'S MOTION TO SEEK LEAVE TO PROCEED PSEUDONYMOUSLY

Plaintiff, JANE DOE, by and through undersigned counsel seeks leave of this Court to proceed pseudonymously under the name "Jane Doe." As grounds therefore, Plaintiff states the following:

## BACKGROUND

During the early morning hours of January 1, 2018, the Plaintiff accompanied the Defendant to the E11even Nightclub ("E11even") in Miami, Florida where she was sexually assaulted and battered by the Defendant when he placed his hands under the Plaintiff's dress and attempted to insert his fingers into her vagina without her consent or permission. *See* Complaint [DE 1].

On January 2, 2020, the Plaintiff filed a complaint in this Court initiating a civil action against the Defendant. In an effort to protect her identity, due to the fact that the Plaintiff's injuries and damages involve matters of the "utmost intimacy," and because the Plaintiff feared additional psychological, and possible bodily, harm, the Plaintiff filed her complaint as Jane Doe.

1

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 10(a) requires every complaint in federal court to "name all the parties." Fed. R. Civ. P. 10(a). "'This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). This Rule "creates a strong presumption in favor of parties' proceeding in their own names." *Id*. However, the Eleventh Circuit Court of Appeals (the "Eleventh Circuit") has held that this "rule is not absolute." *Id*.

The Eleventh Circuit has held that "[a] party may proceed anonymously [or under a fictitious name] in a civil suit in federal court by showing that [s]he 'has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id*. This is the "ultimate test for permitting a plaintiff to proceed anonymously." *Doe v. Sheely*, 781 Fed. Appx. 972, 973 (11th Cir. 2019). "In evaluating whether a plaintiff has shown that [s]he has such a right, the [district] court 'should carefully review ***all*** the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Plaintiff B*, 631 F.3d 1310, 1315–16 (11th Cir. 2011).

The Eleventh Circuit has provided six (6) factors to guide district courts in this inquiry. *See Sheely*, 781 Fed. Appx. 972, 973 (11th Cir. 2019). The factors are as follows: (1) is the plaintiff seeking anonymity challenging government activity; (2) will the plaintiff be required to disclose information of the "utmost intimacy"; (3) will the plaintiff be compelled to admit their intent to engage in illegal conduct and thus risk criminal prosecution; (4) was the plaintiff a minor; (5) was/will the plaintiff be subjected to threats of violence and/or physical harm if she were to proceed

in her own name; and (6) will the plaintiff's anonymity pose a unique threat of fundamental unfairness to the defendant. *Id.* Courts may consider other factors in addition to the six factors that were listed above; however, the "proper inquiry, as always, is the totality of the circumstances." *Id.* at 974.

In the present case, at least three of the six described factors are present.

**I.      Plaintiff Shall Be Required to Disclose Matters of the "Utmost Intimacy"**

As stated above, one of the factors enumerated by the Eleventh Circuit is whether the plaintiff will be required to disclose information of the "utmost intimacy" *Id.* at 973. Homosexual acts and masturbation for money were both deemed to be acts of "utmost intimacy" by the Eleventh Circuit. *Plaintiff B v. Francis*, 631 F.3d 1310, 1320 (11th Cir. 2011).  The court also held that in cases involving issues such as abortion, birth control, prayer and personal religious beliefs, such cases involved matters of the "utmost intimacy" and "the normal practice of disclosing the parties' identities yielded "to a policy of protecting privacy in a very private matter.'" *Id.*

In *Plaintiff B*, the court found that two females flashing their breasts for less than one-minute on a public street, *may* have been considered an act of "utmost intimacy." And the acts of two females engaged in sexually explicit acts, including manual and oral sex constituted "acts of utmost intimacy." *Id.*

In the present case, the Plaintiff is a Muslim woman from Trinidad, who comes from a devout Muslim family. *See* Declaration of Jane Doe, a true and correct copy of which is attached hereto as Exhibit "**A**".  The very nature of her allegations would be sufficient to bring harm to the Plaintiff and shame to her family under the cultural/religious traditions that her family practices. *Id.* Because of this, Plaintiff has not yet shared the details of her assault with her family, and she has used the services of various counselors to help her cope with psychological damages. *Id.*

In addition to the reprisals associated with her religion from the assault, by the very nature of the Plaintiff's claims she will also be forced to discuss matters of the "utmost intimacy."  The Plaintiff will be required to ultimately testify about how the Defendant reached under skirt and attempted to move her panties to the side in order to insert his fingers into her vagina, her most intimate of areas.

The Eleventh Circuit has held that "'personal embarrassment' alone is not enough for leave to proceed anonymously." *Sheely*, 781 Fed. Appx. 972, 974 (11th Cir. 2019).  However, when such personal embarrassment and shame is combined with the religious beliefs of the Plaintiff and her family, it is clear that the disclosures that shall be made by the Plaintiff do in fact involve information of the "utmost intimacy."  Be required to describe the efforts of a defendant attempting to insert his fingers into a female's vagina, without her consent or permission, is much more of the utmost intimacy, than a female having to describe how she willfully flashed her breasts in public or engaged in consensual sexual activity, whether with another woman or not.[1]

## II.    Plaintiff Will Suffer Harm If She Were to Proceed in Her Own Name

Another factor enumerated by the Eleventh Circuit is whether proceeding in the Plaintiff's "own name will cause her special harm, [or] subject her to bodily injury."  *Sheely*, 781 Fed. Appx. 972, 974 (11th Cir. 2019).

In *Shelly*, the district court rejected the plaintiff's assertion that proceeding in her own name would cause her harm because the plaintiff did not present any evidence or affidavit to support her claim.  The court further held that the plaintiff also failed to identify anyone who might harm her, nor did she suggest that identifying someone who might harm her would reveal her identity and compromise her safety.  *Id.*  On appeal, the plaintiff alleged that she might suffer

---

[1] In the year 2020, homosexual sex should be treated no different or no more intimate than heterosexual sex.  Sex in general is a topic of the utmost intimacy regardless of whether it is homo, or heterosexual.

*psychological* harm, however, because the plaintiff failed to raise this claim to the district court, the appellate court deemed this argument as waived. *Id*.

In *Plaintiff B*, the plaintiffs did in fact make claims to the district court that they would suffer "mental and reputational harm" if their identities were disclosed. *Plaintiff B*, 631 F.3d 1310, 1314 (11th Cir. 2011). The plaintiffs presented testimony about the "psychological damage of being labeled a 'slut', and the district court was found by the Eleventh Circuit to have erred in giving such evidence so little weight. *Id* at 1317.

Here, the Plaintiff will suffer similar harms should she be required to disclose her identity. Unlike, the defendants mentioned in *Shelly* and *Plaintiff B*, the Defendant is an internationally acclaimed pop superstar with hundreds of thousands, if not millions of fans all across the globe. In filing the Complaint, this matter has made national news and has been picked up by multiple blogs and websites including The Shade Room. *See* Exhibit "B". The Shade Room's Instagram post of the story garnered nearly 80,000 likes and received over 7,000 comments.

The Plaintiff, like many people in today's society, is a frequent social-media user and she uses social media to stay in touch with family and friends. However, the Plaintiff fears that if she is required to disclose her name, not only will she be subjected to online bullying, harassment and threats, but that her parents, siblings, cousins and other family members will be subjected to such as well. Examples of threats/comments made about the Plaintiff can be found under in the comments section of The Shade Room's post and are as follows:

- "Yall Gon stop lying on my man, I'm ready to fight!"

- "how much would it have been if he killed the same person…"

- "Man get tf outta here where she at #LeaveTreyAlone #ThirstTraps"

*See* Composite Exhibit "C".  In addition to the various threatening comments, there are even more comments written with the intent of inflicting psychological harm and reputational damage upon the Plaintiff.

- "THESE H0's GOTTA STOP WITH THIS BS"

- "She lying. Idc who it is. She lying"

- "Just another female tryna get some money from a celebrity" *Id.*

The Plaintiff understands and is aware that if her identity is revealed, it will be inevitable that her social media is revealed and that likely even more private details such as her address, her phone number and her job.  In addition to be subjected to online harassment and threats, the Plaintiff legitimately fears worse reprisal such as death threats and that such disclosure will lead to additional psychological harm, including adding to her depression and anxiety, which she was diagnosed with after the assault by the Defendant.

### III.   The Plaintiff's Anonymity Is Not Fundamentally Unfair to the Defendant

The Eleventh Circuit held that when "[d]efendants are aware of the [p]laintiffs' identities and thus not barred from conducting a full range of discovery in building a defense for trial [...] none of the normal harms threatened to defendants when plaintiff proceed anonymously are present." *Plaintiff B*, 631 F.3d 1310, 1319 (11th Cir. 2011).

Despite filing anonymously, the Plaintiff here has no qualms about providing her name, under a protective order, to the Defendant to enable the Defendant to carry out any and all relevant and necessary discovery to build whatever defense the Defendant would like for his unjustifiable actions.  It is not the Plaintiff's goal to circumvent the discovery process, but rather to protect herself and her identity, something the Southern District of Florida has frequently allowed. *See Doe v. Irvin*, 10-60301-CIV, 2010 WL 3276187, at *1 (S.D. Fla. Aug. 18, 2010) (The plaintiff is

proceeding under a pseudonym to protect her identity.); *see also Doe v. City of Miami Gardens*, 389 F. Supp. 3d 1118, 1124 (S.D. Fla. 2019).

The Defendant is a public figure and lives his life in the "lime-light".  It is through his public persona that he makes his livelihood and has generated his fan base.   There is nothing fundamentally unfair about allowing the Plaintiff to proceed under the name "Jane Doe" when the Defendant will have free access to conduct discovery, and to prepare his defense, subject to the terms of a protective order, but one that would be limited so as to prevent the Defendant from publicly referring to the Plaintiff by name, or attempting to inflict any additional harm upon her by channeling his fans and social media.

## CONCLUSION

Based on the foregoing points, authorities, statutes, and reasons, this Court should grant the Plaintiff's Motion to Seek Leave to Proceed Pseudonymously and should allow the Plaintiff to proceed under the name "Jane Doe".

**WHEREFORE** Plaintiff, Jane Doe, respectfully requests that this Court enter an order granting her the right to proceed pseudonymously as "Jane Doe" and granting any such other relief as the court may find appropriate.

Dated: <u>January 10, 2020</u>          <u>s/Andrew Williams</u>

THE WILLIAMS LAW GROUP
Andrew Williams, Esq.
*Attorney for Plaintiff*
6273 Sunset Drive
Suite D3
Miami, Florida 33143
Telephone: (253) 970-1683
FL Bar No. 0111817
Email: Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-mail

on January 10, 2020, on all counsel or parties of record via the CM/ECF filing system.

<u>s/Andrew Williams</u>
Andrew Williams

# EXHBIT

# "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 1:20-cv-20016-UU

JANE DOE, an individual,

        Plaintiff,

vs.

TREMAINE NEVERSON,
an individual,

        Defendant.

_____/

## DECLARATION OF JANE DOE UNDER PENALTY OF PERJURY IN SUPPORT OF PLAINTIFF'S MOTION TO SEEK LEAVE TO PROCEED PSEUDONYMOUSLY

I, JANE DOE, the undersigned affiant, state the following under oath:

1. I am over the age of eighteen (18) and I am capable of making this declaration.

2. I am the Plaintiff in the above-captioned matter.

3. I am fully familiar with the facts set forth herein, and if called upon as a witness, could testify competently thereto.

4. I grew up in Trinidad before coming to the United States in 2014.

5. I am a Muslim woman and come from a very devout Muslim family.

6. On January 1, 2018, I was assaulted by the Defendant, Tremaine Neverson, p/k/a Trey Songz when he reached his hand up my skirt and attempted to insert his fingers into my vagina through my panties without my consent or permission.

7. I filed my Complaint under the pseudonym "Jane Doe" to protect my identity for a

variety of reasons, including the fact that I come from a strict Muslim household where under our cultural beliefs and traditions such a sexual assault would have the tendency to bring shame and humiliation upon my family.

8.   As a result of these beliefs, I have yet to even tell my family about the incident involved in the Complaint in an effort to protect them.

9.   I not only fear the reprisals affiliated with my religion, but what would also come through the fans of the Defendants if my name were disclosed.

10. I believe that I will be subject to online harassment and bullying and fear that his fans will leak my telephone number, address and perhaps even my job information.

11. I have already seen various statements and comments that have been written about me where I have been called a "liar" a "ho" and other false and untrue things.

12. These comments have hurt my self-esteem and continue to pour salt on what are still presently open wounds that occurred as a result of the Defendants actions.

13. I am not looking to deprive the Defendant of any rights to his own defense by remaining anonymous but I do hope to protect myself , my family and my identity, so that after the conclusion of this matter, I may still maintain a degree of normalcy with my life.

14. I am filing this motion in good-faith and not for the purpose of needless or undue delay.

Under penalty of perjury under the laws of the State of Florida, I declare that I have read the foregoing Declaration and that the facts stated in it are true and correct to the best of my knowledge and that this declaration was executed this 10th day of January 2020 in the District of Columbia.

/s/Jane Doe_____ _____
                        Jane Doe

2

# EXHBIT

# "B"

**theshaderoom**

# Trey Songz Reportedly Hit With $10 Million Lawsuit In Damages For Alleged Sexual Battery TSR



                  

**77,755 likes**

**theshaderoom** TSR STAFF: Danielle J!
@prettyaries16

_____

#Roommates, #TreySongz is having a bit of a rocky start to 2020 courtesy of an alleged multi-million dollar lawsuit. According to court documents obtained by @Blast, Trey is being sued for alleged sexual battery stemming from an incident in January 2018.

_____

The last half of 2019 was a happy one for Trey Songz, as he welcomed his first child, a baby boy named Noah.



                                                     

**77,755 likes**

**theshaderoom** TSR STAFF: Danielle J!
@prettyaries16
_____
#Roommates, #TreySongz is having a bit of a rocky start to 2020 courtesy of an alleged multi-million dollar lawsuit. According to court documents obtained by @Blast, Trey is being sued for alleged sexual battery stemming from an incident in January 2018.
_____
The last half of 2019 was a happy one for Trey Songz, as he welcomed his first child, a baby boy named Noah. However, now that the new year is upon us, Trigga is unfortunately at the center of a lawsuit that could get pretty ugly. @Blast reports that he's being sued for $10 million due to an alleged sexual assault and battery that occurred at Miami nightclub, E11even, on January 1, 2018.
_____
The woman, whose identity has not been publicly released, claims that Trey invited her to the nightclub after they spent New Year's Eve 2017 together at Diddy's home. She then alleges that once they were at the club the following night, Trey invited her to VIP where she then claims that Trey allegedly "sexually assaulted and battered [her] by proceeding to forcefully place his hand under her dress, without her consent, and attempting to insert his fingers into [her] vagina without her-Click The Link In Bio To Read More! 📸: (@gettyimages)

View all 7,076 comments

**milanchristopher** Damn not "Trigga Fingers" Trey!         

January 3

# EXHBIT

## "C"

 **ronesia** People are desperate and broke and it's starting to show. 

1w    4 likes    Reply

 **motionpicturejuice_** THESE H0's GOTTA STOP WITH THIS BS 

1w      2 likes      Reply

 **kingxphil_** Just another female tryna get some money from a celebrity



5d    Reply

 **justlike_honeyb** Man get tf outta here  where she at 👀 #LeaveTreyAlone #ThirstTraps

6d    Reply



**513rancati** I know someone can pull up Diddys 2017 New Year's Eve photos let's find out who this chick is roomies 😹 😹

♡

6d    Reply

**james.chuka** @james.chuka how much would it have been if he killed the same person...

1w     Reply

**siincereee** Y'all Gon stop lying on my man , I'm ready to fight !

1w    Reply

**iamalyssalashay** She lying. Idc who it is. She lying

1w    Reply