UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20016-UU

JANE DOE,

    Plaintiff,

v.

TREMAINE ALDON NEVERSON,

    Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Seek Leave to Proceed Pseudonymously.[1]  D.E. 7-1.

THE COURT has reviewed the motion and the pertinent portions of the record and is otherwise fully advised in the premises.

On January 2, 2020, the adult plaintiff, using the fictious name, Jane Doe, filed the Complaint against Defendant Tremaine Aldon Neverson.  D.E. 1.  On January 7, 2020, the Court ordered Plaintiff to show good cause in writing as to why the Complaint should not be dismissed due to the impermissible fictious-party pleading.  D.E. 5.  In that order, the Court explained that Plaintiff has not moved to proceed anonymously and the Court is not persuaded that anonymity is appropriate here.  *Id.*  On January 10, 2020, Plaintiff responded to the Court's order and moved for leave to proceed pseudonymously as "Jane Doe."  D.E. 7 & 7-1.  For the reasons discussed below, the Court will deny the motion and dismiss the complaint without prejudice.

---

[1] The present motion was attached as Exhibit "A" to Plaintiff's Response to Order to Show Cause.  D.E. 7.

There is a strong presumption in favor of parties proceeding in their own names. "Generally, parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). Federal Rule of Civil Procedure 10(a) requires a plaintiff to "include the names of all the parties" in her complaint. "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* "Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (citing *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("[The plaintiff] has denied [the defendant] the shelter of anonymity—yet it is [the defendant], and not the plaintiff, who faces disgrace if the complaint's allegations can be substantiated. And if the complaint's allegations are false, then anonymity provides a shield behind which defamatory charges may be launched without shame or liability.")). Thus, a plaintiff seeking to contravene Rule 10(a) by suing under a fictitious name bears the burden of showing she has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings. *Frank*, 951 F.2d at 323.

"The Eleventh Circuit has identified several factors for district courts to consider in determining whether a party should be permitted to proceed anonymously, including: (1) whether the party challenges government activity, (2) whether the party will be 'required to disclose information of the utmost intimacy,' (3) whether the party will be coerced into admitting illegal conduct or the intent to commit illegal conduct, thereby risking criminal prosecution, (4) whether the party is a minor, (5) whether the party will be exposed to physical violence should he or she proceed in their own name, and (6) whether proceeding anonymously 'pose[s] a unique threat of fundamental unfairness to the defendant.'" *Doe v. Swearingen*, No. 18-24145-Civ-

WILLIAMS/TORRES, 2019 WL 95548, at *2 (S.D. Fla. Jan. 3, 2019) (citing *Francis*, 631 F.3d at 1316). "In evaluating whether a plaintiff has shown that [she] has such a right, the court 'should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Francis*, 631 F.3d at 1316 (quoting *Frank*, 951 F.2d at 323)); *see also Swearingen*, 2019 WL 95548, at *2 ("Courts may consider other factors as well based on the particularities of each case, and no single factor is necessarily dispositive." citing *Francis*, 631 F.3d at 1316)).

Upon a careful consideration of these factors, and cognizant of all the circumstances, the Court concludes that Plaintiff has failed to show that she has a right to proceed pseudonymously in this case. Three of these factors are not present in this case. Plaintiff is not seeking to challenge government activity, will not be compelled to admit her intent to engage in illegal conduct, and was not a minor at the time of the alleged assault. Plaintiff has not presented any argument as to these factors. The Court finds that these three factors, therefore, weigh against anonymity. Plaintiff argues, unpersuasively, that the remaining three factors weigh in favor of anonymity. The Court addresses each argument in turn.

First, Plaintiff argues that she will be required to disclose matter of the "utmost intimacy" because she "will be required to testify about how Defendant reached under her skirt and attempted to move her panties to the side in order to insert his fingers into her vagina, her most intimate areas." Plaintiff further asserts that, as a Muslim woman from Trinidad, the nature of her allegations in this case "would be sufficient to bring harm to the Plaintiff and shame to her family under the cultural/religious traditions that her family practices." As the Eleventh Circuit has said, "'personal embarrassment' alone is not enough for leave to proceed anonymously." *Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019) (citing *Frank*, 951 F.2d at 324) (holding that the district

court was entitled to find that although disclosure of the sexual assault would result in personal embarrassment, the disclosure did not involve information of the "utmost intimacy" as this Court has defined it). Indeed, "courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment.'" *Francis*, 631 F.3d at 1316 (citing *Frank*, 951 F.2d at 324); *see also Doe v. Shakur*, 164 F.R.D. 359, 360–62 (S.D.N.Y. 1996) (denying motion by plaintiff suing hip-hop artist for brutal sexual assault requesting to remain anonymous). Furthermore, the Eleventh Circuit has concluded that the "information of utmost intimacy" standard applies to cases involving issues such as abortion and prayer and personal religious beliefs. *Francis*, 631 F.3d at 1316. Although Plaintiff discusses her concerns as to "the reprisals associated with her religious from the assault," she fails to demonstrate that the issues in this case involve her personal religious beliefs. The Court recognizes that disclosure of the alleged sexual assault would result in personal embarrassment, particularly in light of the religious beliefs of Plaintiff and her family. However, the Court concludes that Plaintiff has failed to show that the allegations of sexual assault in this case involve matters of utmost intimacy.

Second, Plaintiff argues that she will suffer psychological harm and reputational damage, as well as "possible" bodily harm, if she proceeds in her own name. Plaintiff fears that because Defendant is "an internationally acclaimed pop superstar" with an enormous fanbase, she and her family members will be subjected to online bullying, harassment, and threats. Plaintiff notes that this lawsuit has made "national news" and attaches "[e]xamples of threats/comments made about Plaintiff" by unnamed individuals on social media. Plaintiff's argument as to possible bodily harm lacks evidentiary support. Plaintiff did not "identify anyone who might harm her," nor "suggest that identifying someone who might harm her would, based on her circumstances, reveal her

identity and compromise her safety." *Sheely*, 781 F. App'x at 974 (concluding that the district court permissibly rejected the plaintiff's allegation that she would face bodily harm if forced to proceed in her own name).

In addition, the Court is not persuaded that the psychological harm and reputational damage described by Plaintiff rises to the level necessary to overcome the presumption of openness in judicial proceedings. Plaintiff's reliance on *Francis* is unavailing because the plaintiffs therein provided evidence regarding the amount of harm losing anonymity would cause them. *Francis*, 631 F.3d at 1317. For example, the *Francis* plaintiffs offered testimony from an expert on the psychological damage of being labeled a "slut," as well as testimony from a clinical psychologist who interviewed and evaluated one of the plaintiffs. *Id.* at 1317–18. Here, Plaintiff has not provided any such evidence. Plaintiff submitted her own sworn statement attesting to her belief that she "will be subject[ed] to online harassment and bullying and fear[s] that [Defendant's] fans will leak my telephone number, address and perhaps even [her] job information." She further attested that the statements and comments on social media "have hurt [her] self-esteem and continue to pour salt on what are still presently open wounds that occurred as a result of the Defendant[']s actions." Plaintiff has not provided any supporting medical submissions or other testimony as to the psychological or reputational harm that would occur if she is required to proceed under her own name. As such, Plaintiff has failed to make a sufficient showing of likelihood of harm to outweigh the strong presumption in favor of open disclosure of the identities of parties in litigation.

Third, Plaintiff argues that her anonymity is not fundamentally unfair to Defendant because she is willing to provide her name to Defendant, under a protective order, to enable him to conduct discovery and prepare his defense. The Court agrees that allowing Plaintiff's identity to remain

shielded from the public, while disclosing her name to Defendant under a protective order, will not pose that great of a risk of unfairness to Defendant. *Francis*, 631 F.3d at 1318–19 (defendants who know plaintiffs' identities "are not barred from conducting a full range of discovery in building a defense for trial"). However, by filing the lawsuit, Plaintiff should have appreciated that the case could result in a public trial in which she would have to appear, her identity would be made public and she would have to be questioned. Consequently, the protective order Plaintiff proposes would only serve to postpone the inevitable. The Court emphasizes there is a significant interest in open judicial proceedings. Private civil suits "not only advance the parties' private interests, but also further the public interest in enforcing legal and social norms." *Del Rio*, 241 F.R.D. at 159. Further, "where individual defendants are sued based not on abstract challenges to public policies but rather with regard to particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *Id.* (explaining further that "concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses"); *see Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 596–97 (1980) (Brennan, J., concurring) ("Public trials come to the attention of key witnesses unknown to the parties.").

The Court understands Plaintiff's desire to proceed pseudonymously. However, after a careful examination of the relevant factors and the evidence on the record, the Court concludes that her articulated concerns are not outweighed by the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Frank*, 951 F.2d at 323 (citation omitted). Plaintiff voluntarily chose to file her complaint in federal court where Federal Rule of Civil

Procedure Rule 10(a) is applicable except in exceptional circumstances not present here. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court."). In sum, the Court finds that Plaintiff fails to overcome the heavy presumption of openness in judicial proceedings or the explicit terms of Rule 10(a). Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Seek Leave to Proceed Pseudonymously, D.E. 7-1, is DENIED. The Complaint, D.E. 1, is DISMISSED WITHOUT PREJUDICE. Plaintiff SHALL file an amended complaint that complies with Rule 10(a) no later than **Tuesday, <u>January 21, 2020</u>**. <u>Failure to file an amended complaint will result in the dismissal of this action without further notice.</u>

DONE AND ORDERED in Chambers at Miami, Florida, this 15th day of January, 2020.

                                              *[signature]*
                                          UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf