**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-cv-20016-UU

JANE DOE,

      Plaintiff,

v.

TREMAINE ALDON NEVERSON,

      Defendant.

_____/

**ORDER**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss (the "Motion").

D.E. 24.  The Court has considered the Motion and the pertinent portions of the record and is

otherwise fully advised in the premises.

On December 2, 2020, Plaintiff filed an alleged Proof of Service, indicating that Defendant

Tremaine Aldon Neverson ("Defendant") was served via substitute service on November 27, 2020,

at 42 Cinch Road, Bell Canyon, California.  D.E. 22.[1]  The Proof of Service states that service was

made upon "Jane Doe," described as a 40-year-old Caucasian female with brown hair, standing

5'6" tall and weighing 150 pounds.  *Id.*  Jane Doe is listed as a "Co-Occupant" of the Bell Canyon

residence.  *Id.*  Accompanying the Proof of Service is a Declaration of Reasonable Diligence,

which states that the process server attempted to serve Defendant on three occasions before serving

Jane Doe, as well as a Proof of Service by Mail, in which the process server attests that he mailed

---

[1]      Pursuant to the Clerk of Court's instructions, Plaintiff refiled the Proof of Service after Defendant filed the Motion.  *See* D.E. 33.  The Proof of Service and accompanying documents filed under D.E. 33 are identical to those filed under D.E. 22.

the Summons and Complaint to Defendant at the Bell Canyon address after substitute service was made. *Id.*

In the Motion, Defendant moves to dismiss the Complaint under Rule 12(b)(5) for insufficient service of process, arguing that "Plaintiff's delivery of the summons and complaint to 'Jane Doe' failed to effectuate legal service upon Defendant." D.E. 24-1. In support of the Motion, Defendant submits a declaration in which he attests, among other things, that "[n]obody with the physical characteristics listed on the Proof of Service resides at or co-occupies my property located at 42 Cinch Rd, Bell Canyon, CA," and that "[t]here are no members of my household that have the physical characteristics of the 'Jane Doe' listed on the Proof of Service." D.E. 24-4. Plaintiff timely filed an opposition to the Motion, arguing that Defendant was properly served via substitute service of process. D.E. 31. The Motion is now ripe for adjudication.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). A party may move for dismissal under Rule 12(b)(5) for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "The applicable burden on a motion to dismiss for insufficient service of process under Rule 12(b)(5) is identical to that on a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2)." *Absolute Trading Corp v. PDVSA Servs., Inc.*, No. 10-21371-CIV, 2010 WL 11451772, at *2 (S.D. Fla. Nov. 18, 2010). "In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a *prima facie* case of jurisdiction over the movant, non resident defendant." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *see also Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002). "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden

traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (citations omitted). "The burden-shifting framework established by the Eleventh Circuit for evaluating motions to dismiss for personal jurisdiction requires the plaintiff to produce competent evidence in support of his jurisdictional claims once the defendant has rebutted the jurisdictional allegations in the complaint." *In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1313 (S.D. Fla. 2010), *aff'd sub nom. Inversiones Mar Octava Limitada v. Banco Santander S.A.*, 439 F. App'x 840 (11th Cir. 2011). "[W]here the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff." *Morris*, 843 F.2d at 492.

Federal Rule of Civil Procedure 4(e) governs service of process upon an individual and provides that an individual in the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In opposing the Motion, Plaintiff argues only that service was proper "in accordance [with] the laws of California, which is where service was made." D.E. 31. Specifically, Plaintiff relies upon section 415.20 of the California Code of Civil Procedure, which provides, in relevant part:

> "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a

3

> summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, . . . or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."

Cal. Civ. P. Code § 415.20(b).

In this case, Plaintiff's process server attempted to locate Defendant at the Bell Canyon residence on three occasions, but was ultimately unsuccessful. Plaintiff is correct that three attempts at personal service of process "typically satisfies the requirement of reasonable diligence, permitting recourse to substitute service." *Dytch v. Bermudez*, No. 17-CV-02714, 2018 WL 2230945, at *3 (N.D. Cal. May 16, 2018); *see also Bd. of Trs. of the Leland Stanford Univ. v. Ham*, 216 Cal. App. 4th 330, 337 (2013) ("[T]wo or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence.'"). Nevertheless, the Court finds that Plaintiff's attempted substitute service is inadequate. The Proof of Service, without any supporting facts, simply lists Jane Doe as a "co-occupant" of the Bell Canyon residence. The Proof of Service lacks factual detail and fails to identify the particular person served. Further, Defendant submitted a declaration in which Defendant attests that "[n]obody with the physical characteristics listed on the Proof of Service resides at or co-occupies my property located at 42 Cinch Rd, Bell Canyon, CA." D.E. 24-4. Defendant also attests that "[t]here are no members of my household that have the physical characteristics of the 'Jane Doe' listed on the Proof of Service." *Id.* Plaintiff fails to offer any evidence whatsoever to rebut Defendant's declaration.

In short, Plaintiff fails to offer any evidence that would allow the Court to draw the reasonable inference that "Jane Doe" is a "competent member of [Defendant's] household," which

is a requirement to effect proper service of process under the service provision relied upon by Plaintiffs. *See* Cal. Civ. P. Code § 415.20(b); *see also Dytch*, 2018 WL 2230945, at *3 (finding that a proof of service lacked credibility where it lacked factual detail and did not identify the particular person served). Accordingly, the Court finds that substitute service of process was inadequate in this case. And as such, Court lacks personal jurisdiction over Defendant. *See, e.g.*, *Pardazi*, 896 F.2d at 1317 ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."). Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 24) is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. All future hearings and deadlines are CANCELED, and all pending motions are DENIED AS MOOT. The case is CLOSED.

DONE AND ORDERED in Chambers, Miami, Florida, this 10th day of March, 2021.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished:
All counsel of record