**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 1:20-cv-20016-UU

JANE DOE, an individual

    Plaintiff,

vs.

TREMAINE NEVERSON, an individual

    Defendant.

_____/

**INTERESTED PARTY, THE WILLIAMS LAW GROUP'S MOTION TO INTERVENE**
**[Filed concurrently with The Williams Law Group's Motion for Reconsideration]**

NOW COMES interested party, THE WILLIAMS LAW GROUP a/k/a The Williams L.G., P.L.L.C. ("WLG"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 24, et al., and moves this Court for an order granting this Motion to Intervene and permitting WLG to intervene in the above-captioned action.

The grounds for this motion are set forth more fully in the underlying memorandum attached hereto, the pleadings and other documents on file in this action, and any further evidence and/or oral argument that the Court may request with respect to this motion.

Dated this 22nd day of March 2021.

Respectfully submitted,   THE WILLIAMS LAW GROUP

BY: _/s/Andrew Williams_____

Andrew Williams, Esq.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **STATEMENT OF FACTS**

On or around January 2, 2020, Plaintiff JANE DOE ("Plaintiff") filed a complaint against the Defendant Tremaine Neverson (the "Defendant"), which commenced these proceedings in

the above-captioned action after she was sexually assaulted and battered by the Defendant in the early morning hours of January 1, 2018 at a nightclub in Miami, Florida [DE 1]. At the time of the filing of the Complaint, Plaintiff was represented by WLG.

On or around January 6, 2020, this Court filed an Order to Show Cause, which sought an explanation as to why the Complaint should not be dismissed since Plaintiff never asked the Court for leave to filed under a pseudonym [DE 5]. On January 10, 2020, the Plaintiff filed a response to the Order to Show Cause, which included as an attachment a Motion to Seek Leave to Proceed Pseudonymously [DE 7]. On January 15, 2020, this Court denied Plaintiff's Motion to Seek Leave to Proceed Pseudonymously [DE 13]. On January 21, 2020, Plaintiff filed a Notice of Appeal in which she sought to appeal this Court's denial of the Motion to Seek Leave to Proceed Pseudonymously [DE 14]. On January 23, 2020, this Court entered an Administrative Order in which it "administratively closed" the case while Plaintiff's appeal was pending.

On or around August 28, 2020, this Court received a Mandate from the Eleventh Circuit United States Court of Appeals (the "Eleventh Circuit") [DE 19]. The Eleventh Circuit informed this Court that the decision on the Motion to Seek Leave to Proceed Pseudonymously had been reversed and remanded for further proceedings. *See* [DE 19].

On or around November 24, 2020, counsel, Ned. R. Nashban, Esq. ("Nashban") entered a notice of appearance on behalf of the Defendant [DE 20, 21]. On December 02, 2020, a proof of service was filed into this action, which indicated that the Defendant was served via substitute service at his residence in Bell Canyon, California (Los Angeles County) on November 7, 2020 [DE 22]. Pursuant to the applicable Federal Rules of Civil Procedure, the Defendant was provided up to and until December 18, 2020, to answer or otherwise respond to the Complaint [DE 22]. On December 15, 2020, the Defendant responded to the Complaint by filing a Motion

to Dismiss Plaintiff's Complaint for Insufficient Service of Process (the "Motion to Dismiss") [DE 24]. Pursuant to the Local Rules of this Court, Plaintiff had up to and until December 29, 2020 to respond to the Motion to Dismiss.

On December 29, 2020, Plaintiff informed the Court that the parties intended to participate in a mediation in January and Plaintiff asked the Court for an extension of time to respond to the Motion to Dismiss up to and until January 29, 2021 [DE 25]. This Court granted the Plaintiff's motion and provided the Plaintiff up to and until January 29, 2020 to respond to the Motion to Dismiss [DE 26].

As planned, the parties proceeded to mediation, which commenced on January 25, 2021. On January 27, 2021, WLG received written notice from Plaintiff that its representation had been terminated, and that same day WLG filed a Notice and Claim of Attorney's Charging Lien (the "Lien") [DE 27]. Additional and subsequent motions were then filed by WLG, including a Motion to Withdraw as Attorney ("Motion to Withdraw") [DE 30].

Because the Court did not rule on WLG's Motion to Withdraw, or its Second Motion for Extension of Time to Respond to the Motion to Dismiss, WLG drafted, filed and served a copy of Plaintiff's Response in Opposition to the Motion to Dismiss (the "Opposition") on January 29, 2021, which was the deadline previously ordered by this Court [DE 31].

On February 2, 2021, the Defendant filed a Motion for Extension of Time to Reply to the Opposition based upon the fact that the parties were engaged in ongoing settlement discussions and the parties anticipated resolving their dispute within the next 30 days [DE 35]. On March 5, 2021, Ariel Mitchell, Esq. ("Mitchell") filed, among other things, a Notice of Appearance and a Motion to Strike, Approve Settlement Agreement and Adjudicate Charging Lien (the "Motion to Strike") [DE 36-38]. That same day, March 5, 2021, WLG filed its Notice of Interested Party, as

the Motion to Strike sought to strike the Lien and directly impacted WLG's interest in the case [DE 39].

WLG originally intended to file a motion to intervene in conjunction with an opposition to the Motion to Strike; however, on March 10, 2021, this Court entered an Order in which it determined that it lacked personal jurisdiction over the Defendant, and that granted the Motion to Dismiss [DE 40]. Pursuant to the Order, the Complaint was dismissed without prejudice, all future hearings and deadlines were cancelled, all pending motions were denied as moot and the case was closed [DE 40].

## II. LEGAL STANDARD

"Intervention" is governed by Rule 24, of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 24. According to Rule 24, an applicant may intervene in a case before this Court, on *timely* motion, as a matter of right or via permission from the Court, if certain conditions apply. *Id*. (emphasis added). "A party is entitled to intervention as a matter of right under Rule 24(a)(2), 'if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable.'" *Century Sur. Co. v. Broward Collision, Inc.*, 13-62096-CV-SCOLA, 2014 WL 11761627, at *1 (S.D. Fla. Sept. 17, 2014).

In order to "intervene as a matter of right, the movants must satisfy the following requirements: (1) the motion to intervene must be timely filed; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant is situated in a manner that impairs or impedes his ability to protect his interest; and (4) the applicant's interest is not already adequately represented by the existing parties. *In re Pons*, 1:19-MC-23236, 2020 WL 5355967, at *3 (S.D. Fla. Sept. 7, 2020). If these elements are satisfied, a district court ***must*** permit an applicant to intervene. *See* Fed. R. Civ. P. 24.

In regards to timeliness, the "Eleventh Circuit has indicated that timeliness does not specifically delineate a length of time." *In re Pons*, 1:19-MC-23236, 2020 WL 5355967, at *3–4 (S.D. Fla. Sept. 7, 2020). When evaluating the timeliness of a motion to intervene, a court "should consider the following four factors[:]" (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Id*.

In addition, and/or alternatively, "permissive intervention" "is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties". *Century Sur. Co. v. Broward Collision, Inc.*, 13-62096-CV-SCOLA, 2014 WL 11761627, at *2 (S.D. Fla. Sept. 17, 2014); *see also In re Hornbeam Corp.*, 14-24887-MC, 2019 WL 1491727, at *3 (S.D. Fla. Apr. 4, 2019).

III. **ARGUMENT**

    a. **WLG is entitled to intervene as a matter of right**

"A party, is entitled to intervention as a matter of right under Rule 24(a)(2), 'if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable.'" To establish if the party's interest is direct, substantial and legally protectable, a "proposed intervenor must show that it has an interest in the subject matter of the suit, that its ability to protect that interest may be impaired by the disposition of the suit, and that existing parties in the suit cannot adequately protect that interest." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*,

425 F.3d 1308, 1311 (11th Cir. 2005).  Lastly, "the motion to intervene must be timely filed." *In re Pons*, 1:19-MC-23236, 2020 WL 5355967, at *3 (S.D. Fla. Sept. 7, 2020).  If a movant successfully establishes these factors, then a court ***must*** permit an applicant to intervene. *See* Fed. R. Civ. P. 24 (emphasis added).

On January 27, 2021, WLG filed the Lien with this Court.  The filing of the Lien, itself did not initially make WLG an interested party in this case.  However, on March 5, 2021, Plaintiff, by and through Mitchell, filed the Motion to Strike, which erroneously proclaimed that the above-captioned action had 'settled' and sought to, among other things, have this Court strike the Lien; determine that the Lien was void ab initio; and deem that any recovery (settlement) that was received by Plaintiff was "not due to the fruits" of WLG. *See* [DE 38, pg. 11].  By filing the Motion to Strike, which directly and adversely impacted WLG's interest in these proceedings, WLG was turned into an interested party as the Lien was legally protectable, a direct part of the record and proceedings, and on information and belief, is for an amount ***in excess*** of 40% of $115,000.00, or $46,000.00, thus making it substantial.

Given WLG's direct, substantial and legally protectable right, WLG is entitled to intervention as a matter of right under Fed. R. Civ. Procedure 24(a). Now that WLG has established that it has an interest in the subject action, it will continue the analysis as to why intervention is proper and why this motion ***must*** be granted below.

For WLG to be able to intervene as a matter of right, it must also establish "that its ability to protect that interest may be impaired by the disposition of the suit." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005).  By filing the Motion to Strike, the only "party" directly impacted by the striking of the Lien, was WLG.  While the Defendant is bound by the Lien, the application or enforcement of the Lien is not an issue that

directly impacts the Defendant, nor is it something that the Defendant would likely have any interest in protecting or defending.

A motion to intervene provides a mechanism under the Federal Rules for persons such as WLG, whose ability to protect their interest "may be impaired by the disposition of the suit." *Id*. The only way WLG could defend against the Motion to Strike is to file a motion to intervene and then file a response in opposition to the Motion to Strike. WLG had begun conducting research and was preparing to concurrently file a motion to intervene and opposition to the Motion to Strike up to, and until, this Court's entered its March 10, 2021 order. *See* Declaration of Andrew Williams, Esq. Notwithstanding this order, WLG still maintains an interest in the disposition of this action, and this motion *must* be granted in order for WLG to adequately protect its interest.

Additionally, in order for WLG to intervene as a matter of right, it's interest must "not already [be] adequately represented by the existing parties." *In re Pons*, 1:19-MC-23236, 2020 WL 5355967, at *3 (S.D. Fla. Sept. 7, 2020). The only existing parties in this action were Plaintiff and the Defendant. The filing and intent of the Motion to Strike, which alleged that "any amounts [Plaintiff] may receive in this action were not fruits of the labor of [WLG], but rather [solely] due to the work performed by [Mitchell]" clearly demonstrate that WLG's interest were not being adequately represented by Plaintiff. *See* [DE 38, pg 10-11].

This contention is further supported by Plaintiff's request for attorney's fees and costs associated with the filing of the Motion to Strike. The Motion to Strike sought attorney's fees and costs to be paid by WLG for the filing of its legally enforceable lien, the Lien. Clearly, WLG's interest in this action were not being "represented" or "protected" by Plaintiff.

Furthermore, the Defendant was and is incapable of representing WLG's interest, as the Defendant and WLG's interests are adverse and in opposition. The Defendant is/was defending against the action, which was brought by Plaintiff. In order for the Defendant to represent and/or

protect WLG's interests, the Defendant would have to act in a way that is adverse to his own position. Without discussing the merits of the case, commonsense dictates that a defendant, or any party would not "adequately represent" or "protect" the interest of an adversarial party. If anything, the Defendant had no stake or claim in the disposition of the Motion to Strike as the relief that was requested only directly impacted WLG.

Lastly, WLG's motion to intervene was timely filed. As held by the Eleventh Circuit, this Court should consider four factors when evaluating the timeliness of a motion to intervene. *See In re Pons*, 1:19-MC-23236, 2020 WL 5355967, at *3–4 (S.D. Fla. Sept. 7, 2020). The four (4) factors are as follows: (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Id*.

### i. Length of Time

The length of time that WLG knew, or reasonably should have known of its interest in this case is a factor for this Court to consider. This Court has considered motions to intervene that were filed anywhere between two (2) weeks to seven (months) to have been timely. *See In re Pons,* 1:19-MC-23236, 2020 WL 5355967, at *5 (S.D. Fla. Sept. 7, 2020); *see also Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

WLG's interest in this action became known on March 5, 2021, when Plaintiff filed the Motion to Strike. The Motion to Strike turned WLG into an interested party at the time of its

filing. Pursuant to the Local Rules of this Court, WLG would have had up to and until March 22, 2021, to [file a motion to intervene] and respond to the Motion to Strike. Because WLG filed this motion to intervene within less than three (3) weeks of knowing, or reasonably knowing of its interest in this case, this Court should find that such filing was timely.

### ii. Prejudice to Plaintiff and the Defendant

A second factor for this Court to consider when evaluating the timeliness of this motion, is the extent of prejudice to the existing parties as a result of WLG's failure to apply as soon as it knew or reasonably should have known of its interest." *See In re Pons*, 1:19-MC-23236, 2020 WL 5355967, at *3–4 (S.D. Fla. Sept. 7, 2020).

As discussed above, had the Motion to Dismiss not been granted, the earliest that WLG would have had to respond to the Motion to Strike, and to which it intended to respond to the Motion to Strike was March 22, 2021. *See* Declaration of Andrew Williams, Esq. While the Motion to Dismiss was granted, WLG contends that such was in error, but more importantly, WLG contends that by filing this motion within the applicable ten (10) day motion for reconsideration period, neither the Plaintiff, nor the Defendant is prejudiced by the filing of this Motion. *Id*; *see also* WLG's Motion for Reconsideration, filed concurrently herewith.

Because WLG still has a valid interest in this action, and it acted diligently and quickly by filing this motion in less than three (3) weeks from the date it first received notice of its interest, this Court should find that this factor weighs in favor of WLG's motion having been timely filed.

### iii. Prejudice to WLG

A third factor that the Eleventh Circuit determined this Court should consider when evaluating the timeliness of WLG's motion to intervene is the "the extent of prejudice to [WLG]

if [its] petition is denied." *See In re Pons*, 1:19-MC-23236, 2020 WL 5355967, at *3–4 (S.D. Fla. Sept. 7, 2020).

In the event this motion is denied, WLG will be severely and extremely prejudiced. For one, WLG will/would have no way to defend against the Motion to Strike. Now while the Motion to Strike was [currently] denied as moot due to the granting of the Motion to Dismiss, both WLG and Plaintiff, believe this ruling to have been in error. WLG and Plaintiff have drafted motions for reconsideration based upon their respective positions. WLG arguably needs this motion to be granted to have the requisite standing needed to have its motion for reconsideration heard. Given the meritorious nature of WLG's motion for reconsideration and for this Court's effective review of both motions, WLG filed them together concurrently.

In the event that WLG and/or Plaintiff's motions for reconsideration are granted, then the Motion to Strike would no longer be moot and it would need to be disposed by this Court. WLG vehemently opposes the Motion to Strike and should be entitled to intervene as a matter of right under Rule 24(a)(2) so that it may defend against the Motion to Strike.

If this motion is denied, WLG will be without recourse from the Motion to Strike and this Court may rule on the Motion to Strike as if it has been filed unopposed or any arguments to oppose the motion had been waived. Given that WLG's interest is direct, substantial and legally protected based upon the Lien, WLG should be afforded the opportunity to defend against it and to intervene in these proceedings. This factor therefore weighs in favor of intervention.

### iv. The Existence of Unusual Circumstances

Finally, this Court may evaluate "the existence of unusual circumstances militating either for or against a determination that the application is timely." *Id*. What began and proceeded as a typical case took a series of most "unusual" terms commencing on or around January 24, 2021. On January 24, 2021, WLG was advised by Mitchell that Plaintiff did not wish it to attend the

mediation that WLG had scheduled the following day with the Defendant and Nashban, however, WLG was not terminated from its representation of Plaintiff on this day, nor did Plaintiff communicate anything to WLG. Two (2) days after the mediation, on January 27, 2021, WLG did receive notice from Plaintiff that its representation had been terminated. In response to being terminated, WLG filed the Lien and the Motion to Withdraw. The filing of the Lien solely preserved and protected, WLG's interest in any settlement proceeds received by Plaintiff, but it did not make WLG an interested party in the continuing litigation.

On information and belief, Mitchell, Nashban, Plaintiff and the Defendant continued engaging in settlement discussions after the conclusion of the mediation. On March 5, 2021, Plaintiff erroneously represented to this Court that she had entered into a settlement agreement with the Defendant, and Plaintiff, by and through Mitchell, filed the Motion to Strike. As previously stated, it was this filing of the Motion to Strike, which sought to, among other things, strike the Lien, that turned WLG into an interested party, as WLG had an interest in defending against the Motion to Strike. Had Plaintiff simply accepted the terms of the proposed settlement, terms WLG is not currently privy to, and then attempted to resolve the Lien with WLG after a duly executed settlement was secured, such action is what would have been advisable, and what *should* have occurred. Furthermore, such action would have negated any need for WLG to take an interest in the continuing action as WLG did not intend to appear as a "party" but was forced to by Plaintiff's own filing.

Based upon Plaintiff's actions, and Plaintiff's actions alone, WLG became and is now an interested party in this action. The above-described circumstances are certainly "unusual" as it is not typical that a person starts a case as counsel only to be turned into a party prior to the case's conclusion. Due to the unusual circumstances involved in this action, the fact that both Plaintiff and WLG have or intend to file motions for reconsideration, and the fact that the issues

surrounding this case as they pertain to both the merits of the Complaint and the Lien all remain, and considering that WLG acted swiftly by filing this motion within less than three (3) weeks of its discovery that it had an interest in this case, this Court should find that this factor also weighs in favor of a determination that the filing of this motion was timely.

Because WLG has satisfied the requirements needed to intervene as a matter of right, this Court ***must*** permit WLG to intervene in this action. *See* Fed. R. Civ. P. 24.

### b. Additionally, and Alternatively, WLG is entitled to permissive intervention

As discussed above, "permissive intervention" "is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties". *Century Sur. Co. v. Broward Collision, Inc.*, 13-62096-CV-SCOLA, 2014 WL 11761627, at *2 (S.D. Fla. Sept. 17, 2014); *see also In re Hornbeam Corp.*, 14-24887-MC, 2019 WL 1491727, at *3 (S.D. Fla. Apr. 4, 2019).

Here, WLG's claims stem from the Lien and they therefore involve questions of fact and/or law that are in common with the main action, as the Lien was filed into the main action on or around January 27, 2021 [DE 27]. By having claims and a direct interest with the main action, WLG has demonstrated that it meets the first prong of the "test" for permissive intervention.

In order for this Court to find that permissive intervention is appropriate however, WLG must also demonstrate that intervention "will not unduly prejudice or delay the adjudication of the rights of the" Plaintiff and the Defendant. *Id*. Given that this case is in its early stages and the Defendant has yet to even file an Answer, and the parties have yet to have their Rule 26 Conference, or to take any substantive discovery, it cannot be said that permitting WLG to intervene in this action will unduly prejudice either party, and it certainly would not cause any

delay to the adjudication of the rights of the original parties. In fact, because this case is in such an early stage, there is, and will be, no harm or prejudice to either Plaintiff or the Defendant if WLG is allowed to intervene. If this motion, however, were to be denied, WLG, on the other hand, will be extremely prejudiced.

## -CONCLUSION-

Based upon the foregoing points, and authorities, this Court *must* permit WLG to intervene in this action as WLG is entitled to intervention as a matter of right under Rule 24(a)(2) because its interest in the litigation of this matter is direct, substantial and legally protectable. WLG has demonstrated to this Court that it has an interest in the subject matter of this suit; that its ability to protect its interest in this suit may be impaired by the disposition of the suit; that the existing parties, Plaintiff and the Defendant, cannot adequately protect its interest; and that this motion was timely filed.

In addition, and/or alternatively, even if this Court is not persuaded that WLG is entitled to intervene as a matter of right, despite WLG's contentions, this Court *may* still permit WLG to intervene in this case via permissive intervention given the fact that WLG's claims and the main action have questions of law and/or fact in common. When this is combined with the fact that WLG's intervention will not unduly prejudice or delay the adjudication of the rights of Plaintiff and/or the Defendant, and considering the fact that this action is in its preliminary stages, it becomes clear, that WLG is also entitled to permissive intervention.

**WHEREFORE** interested party, WLG, respectfully requests that this Honorable Court enter an order granting this Motion to Intervene and allowing WLG to intervene in this case.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

The undersigned has conferred with all parties and/or counsel of record concerning the relief requested herein in a good-faith effort to resolve the issues raised in this motion, but was unable to do so thus necessitating the filing of this motion.

Dated: <u>March 22, 2021</u>                             s/Andrew Williams
                                                           THE WILLIAMS LAW GROUP
                                                           Andrew Williams, Esq.
                                                           *Attorney for The Williams Law Group*
                                                           6273 Sunset Dr, Suite D-3
                                                           South Miami, Florida 33143
                                                           Telephone: (253) 970-1683
                                                           FL Bar No. 0111817
                                                           Email: Andrew@TheWilliamsLG.com
                                                           Secondary Email:
                                                           WilliamsLawFlorida@gmail.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served on all parties or counsel of record through the CM/ECF filing portal this 22nd day of March 2021.

Dated: <u>March 22, 2021</u>                  s/Andrew Williams