UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20016-CIV-ALTONAGA

JANE DOE,

    Plaintiff,
v.

TREMAINE ALDON NEVERSON,

    Defendant.
_____/

### ORDER

**THIS CAUSE** came before the Court on non-party, The Williams Law Group's ("WLG['s]") Motion to Intervene [ECF No. 42] and Motion for Reconsideration of this Court's March 10, 2021 Order [ECF No. 43]. WLG served as Plaintiff, Jane Doe's counsel from January 2, 2020 through March 5, 2021, at which time Plaintiff retained her current counsel, Ariel E. Mitchell. (*See generally* Not. of Substitution of Counsel [ECF No. 37]). Defendant, Tremaine Aldon Neverson filed an Opposition to Plaintiff's Motion for Reconsideration [ECF No. 45], to which WLG filed a Reply [ECF No. 48]. The Court has carefully considered the parties' written submissions, the record, and applicable law. For the following reasons, the Motions are denied.

Plaintiff initiated this action on January 2, 2020, asserting claims of assault, battery, and intentional and negligent infliction of emotional distress. (*See generally* Compl. [ECF No. 1]). On January 15, 2020, the district court denied Plaintiff's motion to proceed pseudonymously and dismissed the case without prejudice — a decision the Eleventh Circuit reversed and remanded on August 28, 2020. *See generally Doe v. Neverson*, 820 F. App'x 984 (11th Cir. 2020).

On March 5, 2021, Plaintiff's current counsel, Ms. Mitchell, entered her appearance along with a motion to strike, approve settlement, and adjudicate charging lien. (*See generally* Not. of

Substitution of Counsel; Mot. to Strike [ECF No. 38]). Ms. Mitchell contended the charging lien sought by WLG was procedurally improper and in violation of the Rules Regulating the Florida Bar; Ms. Mitchell further asserted, due to WLG's charging lien, the settlement could not be completed. (*See generally* Mot. to Strike). Shortly thereafter, WLG filed a Notice of Interested Party [ECF No. 39], as the Motion to Strike sought to strike the lien and impacted WLG's interest in the case.

The court did not adjudicate Plaintiff's Motion to Strike; rather, on March 10, 2021, the court granted Defendant's Motion to Dismiss for Improper Service [ECF No. 24] and dismissed Plaintiff's Complaint without prejudice (*see generally* Mar. 10, 2021 Order [ECF No. 40]). On March 19, 2021, Plaintiff, through her present counsel, filed a Motion for Reconsideration of the Court's March 10, 2021 Order [ECF No. 41], which Plaintiff subsequently withdrew on May 26, 2021 (*see* [ECF No. 49]).

Presently, WLG seeks to intervene so that it may file its already-submitted Motion for Reconsideration. (*See generally* Mot. to Intervene). Yet, there is no longer any action in which WLG can intervene, as the Complaint was dismissed without prejudice. (*See generally* Mar. 10, 2021 Order). Because the court dismissed the Complaint without prejudice, WLG's Motion to Intervene is moot and thus, any judicial consideration of the Motion will be a waste of judicial resources and fruitless. *See Lumetrics, Inc. v. Blalock*, 23 F. Supp. 3d 138, 140–41 (W.D.N.Y. 2014) ("Because the complaint has been dismissed, the motions to intervene . . . are denied without prejudice as moot." (alteration added)); *Dalton v. Fleming*, No. Civ. A. 08-0116, 2008 WL 4571509, at *2 (S.D. Ala. Oct. 14, 2008) ("Because the court has determined that this case should be dismissed without prejudice, [the] motion [to intervene] is **MOOT**." (alterations added; bold and block letters in original)).

Next, WLG asks the Court to reconsider the March 10, 2021 Order, seeking to "join[] in Plaintiff's motion [for reconsideration] to the extent that both this [M]otion and Plaintiff's seek the same relief." (Mot. for Recons. 4 (alterations added)). As noted, however, Plaintiff's Motion for Reconsideration was withdrawn, thereby rendering WLG's present Motion for Reconsideration moot. In any event, WLG's non-party status precludes its requested relief.

WLG filed its Motion for Reconsideration under Federal Rules of Civil Procedure 59 and 60. (*See generally* Mot. for Recons.). Rule 60(b) permits a "party or its legal representative" to move for relief from a final judgment; and Rule 59 grants standing to "any party[.]" Fed. R. Civ. P. 59, 60 (alteration added). "A party, or a non-party whose interests are directly impacted by a judgment, may obtain Rule 60(b) relief from the judgment by filing a motion in the challenged case or initiating an independent action." *Stoppa v. Bal Harbour Vill.*, 385 F. App'x 932, 933 (11th Cir. 2010); *Scutieri v. Est. of Revitz*, 829 F. Supp. 387, 390 n.6 (S.D. Fla. 1993) ("Since Rule 59 refers only to parties, and is thus more restrictive that Rule 60, it is logical to conclude that the same analysis applies."). WLG is not a party to this action, nor is it the legal representative of any party. Further, WLG does not show it will be directly impacted by the dismissal of Plaintiff's Complaint without prejudice. WLG therefore lacks standing to file a Rule 59 or Rule 60(b) motion.

Accordingly, it is **ORDERED AND ADJUDGED** that The Williams Law Group's Motion to Intervene **[ECF No. 42]** and Motion for Reconsideration of this Court's March 10, 2021 Order **[ECF No. 43]** are **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 7th day of June, 2021.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record